# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with Instagram account User ID: lowend_zelly<br>(https://www.instagram.com/lowend_zelly) | ) ) ) ) ) ) Case No. 24 MJ 242 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3583 | Fugitive in violation of supervised release. |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

MATTHEW MASON  Digitally signed by MATTHEW MASON
Date: 2024.10.30 14:43:28 -05'00'

*Applicant's signature*

Matthew Mason, ATF SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means)*.

Date: 10/31/2024

*Judge's signature*

City and state: Milwaukee, WI    Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Matthew Mason, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of Instagram account that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a company headquartered in Menlo Park, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Meta to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the account.

2. I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives. I am currently assigned to the United States Marshal Service Fugitive Task Force and, as such, am charged with enforcing all laws in all jurisdictions of the United States. I have been a member of the United States Marshals Service Fugitive Task Force for nearly five (5) years and have investigated multiple fugitive cases I have had both formal training and have participated in numerous investigations to locate federal and state fugitives. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 3583 have been committed by Marzell Fullilove. There is also probable cause to search the information described in Attachment A for evidence of this crime as described in Attachment B.

## PROBABLE CAUSE

5. The United States government, including the United States Marshals Service (USMS), is investigating violations of Title 18, United States Code, Section 3583 committed by Fullilove.

6. On March 3, 2022, Fullilove was sentenced in the Eastern District of Wisconsin to 36 months' imprisonment and a term of two (2) years of supervised release after being convicted of violating Title 18, United States Code, Section 922(g)(1) in Case No. 2:21-CR-51.

7. On September 1, 2023, Fullilove commenced his supervision in the Eastern District of Wisconsin. On September 5, 2024, the United States Probation Office (USPO) submitted a petition requesting that the Court issue an arrest warrant for Fullilove based upon multiple allegations that he violated the terms of his

2

supervised release. Judge J.P. Stadtmueller issued an arrest warrant for Fullilove for violations of supervised release.

8. Your affiant discovered that Fullilove has a known Instagram account, located at https://www.instagram.com/lowend_zelly. Upon review, your affiant noted that the photos posted to that Instagram account appeared to be of the same individual in USMS booking photographs and known photographs that your affiant reviewed of Fullilove.

9. Based on your affiant's training and experience in locating and apprehending fugitives, the data being sought by this warrant will assist in locating Fullilove. Because successful apprehensions, particularly of fugitives with multiple aliases, often rely on the element of surprise and on taking the fugitive by unaware, it is often necessary to attempt an arrest during nighttime or the early morning hours, when most people are sleeping. Further, apprehension tactical plans often change at the last minute based on unexpected movements or other behavior of the target. Therefore, I cannot predict in advance when this data would need to be accessed and would need access to the data at all times of the day or night in order to ensure a safe and successful apprehension.

10. As of the date of this affidavit, Fullilove's whereabouts remain unknown, and the federal arrest warrant in 2:21-CR-51 for Fullilove remains unexecuted.

11. Meta owns and operates Instagram, a free-access social networking website that can be accessed at http://www.Instagram.com. Instagram users can use

their accounts to share communications, news, photographs, videos, and other information with other Instagram users, and sometimes with the general public.

13. Meta asks Instagram users to provide basic contact and personal identifying information either during the registration process or thereafter. This information may include the user's full name, birth date, gender, e-mail addressees' physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers. Each Instagram user is assigned a user identification number and can choose a username.

13. Instagram users may join one or more groups or networks to connect and interact with other users who are members of the same group or network. Instagram assigns a group identification number to each group. An Instagram user can also connect directly with individual Instagram users by sending each user a "Friend Request." If the recipient of a "Friend Request" accepts the request, then the two users will become "Friends" for purposes of Instagram and can exchange communications or view information about each other. Each Instagram user's account includes a list of that user's "Friends" and a "News Feed," which highlights information about the user's "Friends," such as profile changes, upcoming events, and birthdays.

14. Instagram users can select different levels of privacy for the communications and information associated with their Instagram accounts. By adjusting these privacy settings, a Instagram user can make information available only to himself or herself, to particular Instagram users, or to anyone with access to the

Internet, including people who are not Instagram users. An Instagram user can also create "lists" of Instagram friends to facilitate the application of these privacy settings. Instagram accounts also include other account settings that users can adjust to control, for example, the types of notifications they receive from Instagram.

15. Instagram users can create profiles that include photographs, lists of personal interests, and other information. Instagram users can also post "status" updates about their whereabouts and actions, as well as links to videos, photographs, articles, and other items available elsewhere on the Internet. Instagram users can also post information about upcoming "events," such as social occasions, by listing the event's time, location, host, and guest list. In addition, Instagram users can "check in" to particular locations or add their geographic locations to their Instagram posts, thereby revealing their geographic locations at particular dates and times. A particular user's profile page also includes a "Wall," which is a space where the user and his or her "Friends" can post messages, attachments, and links that will typically be visible to anyone who can view the user's profile.

16. Instagram users can upload photos and videos to be posted on their Wall, included in chats, or for other purposes. Users can "tag" other users in a photo or video and can be tagged by others. When a user is tagged in a photo or video, he or she generally receives a notification of the tag and a link to see the photo or video.

17. If an Instagram user does not want to interact with another user on Instagram, the first user can "block" the second user from seeing his or her account.

18. Instagram has a "like" feature that allows users to give positive feedback or connect to particular pages. Instagram users can "like" Instagram posts or updates, as well as webpages or content on third-party (*i.e.*, non-Instagram) websites. Instagram users can also become "fans" of particular Instagram pages.

19. Instagram has a search function that enables its users to search Instagram for keywords, usernames, or pages, among other things.

20. Each Instagram account has an activity log, which is a list of the user's posts and other Instagram activities from the inception of the account to the present. The activity log includes stories and photos that the user has been tagged in, as well as connections made through the account, such as "liking" an Instagram page or adding someone as a friend. The activity log is visible to the user but cannot be viewed by people who visit the user's Instagram page.

21. In addition to the applications described above, Meta provides users with access to thousands of other applications ("apps") on the Instagram platform. When a Instagram user accesses or uses one of these applications, an update about that the user's access or use of that application may appear on the user's profile page.

22. Meta also retains records of which IP addresses were used by an account to log into or out of Instagram, as well as IP address used to take certain actions on the platform. For example, when a user uploads a photo, the user's IP address is retained by Meta along with a timestamp.

6

23. Meta retains location information associated with Instagram users under some circumstances, such as if a user enables "Location History," "checks-in" to an event, or tags a post with a location.

24. Social networking providers like Meta typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, Instagram users may communicate directly with Meta about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other users. Social networking providers like Meta typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

25. As explained herein, information stored in connection with a Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, a Instagram user's IP log, stored electronic communications, and other data retained by Meta, can indicate who has used or controlled the Instagram account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For

7

example, profile contact information, private messaging logs, status updates, and tagged photos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the Instagram account at a relevant time. Further, Instagram account activity can show how and when the account was accessed or used. For example, as described herein, Meta logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, location information retained by Meta may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

26. Therefore, the servers of Meta are likely to contain all the material described above, including stored electronic communications and information

concerning subscribers and their use of Instagram, such as account access information, transaction information, and other account information.

**INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

27. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Meta to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

**CONCLUSION**

28. Based on the foregoing, I request that the Court issue the proposed search warrant.

29. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Meta. Because the warrant will be served on Meta, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

30. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a),

(b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## ATTACHMENT A
**Property to Be Searched**

This warrant applies to information associated with Instagram account **User ID: lowend_zelly** (https://www.instagram.com/lowend_zelly) that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered in Menlo Park, California.

# ATTACHMENT B

**I.     Information to be disclosed by Meta Platforms, Inc. ("Meta")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta, regardless of whether such information is located within or outside of the United States, and including any information that has been deleted but is still available to Meta, Meta is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    A.    The following information about the customers or subscribers of the Account, from the date the Account was created to the present, unless specified otherwise below:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, service addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Records of session times and durations from September 1, 2024 to present;

        4.    Length of service (including start date) and types of service utilized;

        5.    Telephone or instrument numbers (including model type/numbers, phone numbers, IMSIs, IMEIs, MEIDs, UDIDs, MAC addresses, and advertising IDs);

        6.    Other subscriber numbers or identities, including any temporarily assigned network addresses (including the registration and session Internet Protocol ("IP") addresses with associated port numbers); and

        7.    Means and source of payment for such service (including any credit card or bank account number).

2

Case 2:24-mj-00242-WED     Filed 10/31/24     Page 13 of 14     Document 1

B. The following location information:

    1. Primary Location;

    2. Last Location; and

    3. All geolocation information for a period of 30 days, during all times of day and night.